IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID CHU**<br><br>        **Plaintiff,**<br><br>v.<br><br>**MAGIC LEAP, INC.**<br>        **Defendant.** | **Case No. 1:25-cv-00574-RCL** |

## STIPULATED PROTECTIVE ORDER

Upon the Consent Motion for Entry of a Protective Order due to the discovery and relief sought in this action by Plaintiff that may require testimony regarding or production of certain confidential or sensitive information obtained by the Parties in connection with this case, the Parties, by and through their respective Undersigned Counsel, hereby agree with the need to protect the confidentiality of such information, and the Court orders as follows:

The Parties ask the Court to enter this protective order ("Protective Order" or "Order") to assist in the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect and ensure the confidential treatment of information, and to ensure that the Parties are permitted necessary uses of such materials in preparation for and in the conduct of trial. In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Rule 26(c).

### A.    Scope and Definitions

1.    This Protective Order applies to all information contained in documents, pleadings, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, testimony, expert reports, video

1

recordings, audio recordings, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, compilations or summaries of documents, including but not limited to testimony, conversations, or presentations by Parties or their counsel which is or incorporates non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order.

2.    In determining the scope of information that a Party may designate as its Protected Material, each Party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing Party, or (2) for tactical or other advantage in litigation.

3.    "Protected Material" means any information designated, in proper accordance with this Order, as "CONFIDENTIAL".

4.    "Confidential" or "CONFIDENTIAL" information is information that the Designating Party in good faith reasonably believes will disclose confidential, proprietary and/or nonpublic commercial, financial, personal or business information eligible for protection under the Rules.  Confidential Information also means an individual's or employee's private or personal information which, if disclosed, would violate the privacy rights of that individual.  No item shall be deemed "CONFIDENTIAL" if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

2

5.    "Discovery Material" means all items or information, including from a non-Party, regardless of the medium or manner generated, stored or maintained (including testimony, transcripts or tangible things) that are produced, disclosed or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

6.    "Producing Party" shall refer to any Party to this action, or to any Third-Party who discloses, testifies about, produces or makes available for inspection any Protected Material, whether voluntarily or pursuant to subpoena.

7.    "Receiving Party" shall refer to any Party in this litigation who receives Protected Material from a Producing Party, whether voluntarily, in response to a particular discovery request, or in response to an obligation imposed by the Rules of Civil Procedure or other Order of the Court.

8.    "Outside Counsel" shall refer to (1) outside counsel who represent a Party in connection with this action, and (2) partners, associates, contract lawyers, assistants, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

9.    "Designated Outside Consultant" shall refer to a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by Outside Counsel to serve as an expert witness or as a litigation consultant in this matter, who is not a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a Party or a competitor of a Party.

10.    "Professional Vendors" shall refer to persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

3

their employees and subcontractors who have been retained by Outside Counsel in this litigation, who are not current employees of a Party or of a competitor of a Party, and who, at the time of retention, are not anticipated to become employees of a Party or a competitor of a Party. This definition includes ESI vendors, professional jury or trial consultants retained in connection with this litigation and individuals retained by such consultants to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Designated Outside Consultant.

11.     Each Party or Third-Party that designates material for protection under this Protective Order must take care to limit such designations only to material that the Party believes in good faith meets the appropriate standards. The burden of proving the confidentiality of any information shall remain with the Party or Third-Party making such designation.

**B.      Designation of Protected Material**

12.     Any Producing Party shall have the right to designate as Protected Material subject to this Order any information, document, or thing, or portion of any document or thing that meets the definition of "Confidential" information as set out in this Order, or which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G). Any Producing Party who produces or discloses any information which it desires to be treated as Protected Material within the scope of this Order, shall place on each page (or electronic file or medium containing electronic file(s)) and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows depending on whether the information qualifies for "Confidential" treatment: "CONFIDENTIAL" to qualify as Protected Material. If it is not possible to mark the document, it must be clearly designated in a cover letter at the time of production as "CONFIDENTIAL".

4

13.     All Protected Material shall be used by the Receiving Party solely for purposes of prosecuting claims or defenses in this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, including, but not limited to, use in any other litigation or disputes of any kind, and shall not be disclosed by the Receiving Party to anyone other than as provided in Paragraph 14 unless and until the restrictions herein are removed either by written agreement of counsel for the Producing Party or by Order of the Court.  It is, however, understood that counsel for a Receiving Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material except by prior written agreement of counsel for the Producing Party, or by Order of the Court.

**C.     Access to Protected Material**

14.     Protected Material designated as "Confidential" may be disclosed only to the following individuals under the following conditions:

(a)     Outside Counsel;

(b)     Any Party to this action and any employees (including legal department individuals), officers, or directors of a corporate or individual Party to this action who in-house or outside counsel of the Receiving Party reasonably and in good faith believes need access to Protected Material for purposes of the proceeding;

(c)     Designated Outside Consultants retained by Outside Counsel for purposes of this action, and only to the extent the Protected Material is germane to the expert's or consultant's scope of engagement in this action, provided that the Outside Counsel that hired the Designated Outside Consultant complies with the requirements of Paragraphs 18-23;

5

    (d)     The Court and Court personnel as provided in Paragraph 15;

    (e)     Any witness (during deposition or trial) may be shown or examined on any Confidential information that the witness authored or received a copy of, or is employed by the Party who produced the Confidential information, or persons who have prior knowledge (based on written documentation) of the contents of the Confidential information, or persons who participated in events described or contained in the Confidential information, or if the producing Party consents to such disclosure, although any person not entitled to receive Protected Material may be excluded from the portion of the examination or deposition concerning such information unless the Producing Party consents to persons other than qualified recipients being present;

    (f)     Professional Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, translators, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    (g)     Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all Parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity.

    (h)     The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Parties to this action without the necessity of modifying this Protective Order.

15.     Protected Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to anyone other than the individuals designated in the foregoing Paragraph 14 until and unless (a) the Producing Party waives the claim of confidentiality, or (b) the Court orders such disclosure. In the event that a Receiving Party intends to file any documents with the Court that constitute or contain the Protected Material of a Producing Party, the Receiving Party shall seek the Court's leave to file such documents and/or Protected Materials under seal. The Receiving Party will make a good faith effort to limit filing Protected Material under seal to the provisions relied upon and any portions necessary to provide the relevant context. Before the Receiving Party seeks to file Protected Materials of a Producing Party under seal, counsel shall confer in good faith regarding the necessity for sealing and the likelihood sealing will be permitted considering the nature of the Protected Material and the relief requested. The filing of a sealing motion shall certify to the Court that the parties have so conferred. Each Party will make a good faith effort to identify the Protected Material that it seeks to file under seal at least two business days in advance of filing and confer the next business day.

16.     With respect to any depositions that involve a disclosure of Protected Material of a Party to this action, such Party (the "Designating Party") shall have until ten (10) calendar days after receipt of the final deposition transcript within which to inform all other Parties that portions of the transcript are to be designated "CONFIDENTIAL", which period may be extended by agreement of the Parties. A "final deposition transcript" shall be defined as a transcript after the deponent has signed off on it, unless the deponent waives his or her right to review. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 14 above and the deponent during these ten (10) calendar days after receiving the final deposition transcript from the court reporter, and no individual attending such a deposition shall

7

disclose the contents of the deposition to any individual other than those described in Paragraphs 14 above during said ten (10) calendar days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL", all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 14. Alternatively, counsel appearing at the deposition, including counsel for the deponent (if a Third-Party), contemporaneously may designate during the course of a deposition certain testimony as "CONFIDENTIAL".

**D.    Objections**

17.    If counsel for a Party receiving documents or information designated as "CONFIDENTIAL" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting Party shall serve on the Producing Party or the Designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party or Designating Party shall respond in writing to such objection within ten (10) calendar days, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL". If the Producing Party or Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

8

(b)     If a dispute as to a "CONFIDENTIAL" designation of a document or item of information cannot be resolved by agreement, the challenger of the designation shall present the dispute to the Court via a formal motion or any such other means as may be requested by the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

**E.     Use of Protected Material**

18.     Before being permitted access to Protected Material subject to this Protective Order, any individual or business entity described in paragraph 14(c) shall sign the form of agreement annexed hereto as **Exhibit A**.

**F.     Inadvertent Disclosures**

19.     If any person required to produce documents inadvertently produces any Protected Material without marking it with the appropriate legend, the Producing Party may give written notice to the Receiving Party or Parties, enclosing appropriately stamped copies of the Protected Material, that the document, thing, or response is deemed Protected Material and should be treated as such in accordance with the provisions of this Protective Order.

20.     If a document or thing is not designated as containing Protected Material and has been used as an exhibit to a pleading filed with the Court, identified for use at trial, or otherwise disclosed to the Court, the Producing Party shall have fourteen (14) calendar days from the date of disclosure to provide notice of its failure to designate the document or thing as Protected Material. Notwithstanding any other provision of this Order, failure to provide notice within this fourteen (14) calendar day period shall constitute a waiver of the ability to designate the document or thing as Protected Material.

9

21.     Pursuant to Rule 26(b)(5)(8), the inadvertent disclosure of protected communications or information, including Protected Materials, shall not constitute a waiver of any privilege or other protection (including work product) for the protected communications or information or the subject matter of the protected communications or information if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The parties agree to the following procedure in the event that privileged information is inadvertently produced:

(a)     Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute waiver of such privilege. The Producing Party that believes it has inadvertently produced a privileged document shall have the right to request that the document be returned.

(b)     The Producing Party shall specify in writing the Bates-stamp number(s) of the document requested and the basis of the privilege being asserted (e.g., it shall be sufficient to state solely that the document is protected by the work product doctrine, the attorney-client privilege, or another privilege).

(c)     Upon such request, the Receiving Party in possession of the document shall return the document to the Producing Party, or confirm destruction of the document, within five (5) business days—regardless of whether the Receiving Party has an objection to the basis of the privilege(s) asserted—and shall destroy any copies, including electronic copies, of such a document.

(d)     The Producing Party shall provide the Receiving Party with a privilege log of any such returned or destroyed materials within fourteen (14) calendar days of such request that identifies the basis for it being withheld from production.

10

(e)     The parties agree that returning a document pursuant to this Order does not waive or otherwise alter the right of a Party to object to the basis of the privilege asserted.

(f)     Once an inadvertently produced document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the Producing Party has fourteen (14) calendar days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this fourteen (14) calendar day period shall constitute a waiver of any applicable privileges or immunities with respect to the inadvertently produced documents or information only, and shall not be construed as a general waiver of any applicable privilege or immunity with respect to the subject matter disclosed therein.

(g)     Unless otherwise agreed, any communications that occur after the commencement of the present litigation, shall not be required to be identified on a privilege log. The protections against waiver afforded by the Order shall be applicable to the fullest extent allowed by the Rule 26 against both Parties and non-Parties to this action and in other proceedings in Federal and State courts.

**G.    Miscellaneous**

22.     Where a Party retains Designated Outside Consultants to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney client, work product or other privilege) and thus not subject to production:

(a)     Correspondence between such consultants and a Party or its Trial Counsel;

11

(b)     Drafts of expert reports, declarations and any other materials drafted by such consultants regarding the subject matter of this Action; and

(c)     Communications between such consultants and a Party or its Trial Counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such consultants, or that are related to preparation to testify at a hearing, trial, or deposition in this Action.

23.     Such protections provided in Paragraph 27 are to be construed to be in addition to, and shall not diminish the protections provided in Rule 26(b)(3)-(4). Nothing in this paragraph, however, limits the rights of the Parties to examine a consultant concerning the factual information he or she relied upon or reviewed in forming his or her opinions.

24.     This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. Further, this Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

25.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a)     Promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order;

12

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected; and

(d)      If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's written permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26.      The terms of this Order are applicable to information produced by a non-Party in this action and designated as "CONFIDENTIAL". Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

27.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Undertaking that is attached hereto as **Exhibit A**. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

13

28.    Unless otherwise ordered or agreed in writing, within sixty (60) days upon final conclusion of this litigation, including the exhaustion of all appeals, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and either destroy or return to the originating source all originals and unmarked copies of documents and things constituting or containing Protected Material; and certify such destruction in writing to the Producing Party; provided, however, that counsel may retain complete copies of all transcripts, emails, work product and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

29.    This Protective Order shall become effective as a stipulation between the parties immediately upon the filing of the Protective Order, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Materials produced before Court approval as provided herein.

30.    The parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties, or all parties still involved in this action in the event of the dismissal of one or more parties, or after the Producing Party has been provided an opportunity to object, by order of this Court.

31.    Nothing shall prevent disclosure beyond the terms of this Order if the Producing Party consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

32.    This Protective Order shall survive termination of this action.

14

**SO STIPULATED AND AGREED:**

Dated: January 16, 2026

**WILSON,    ELSER,    MOSKOWITZ**
**EDELMAN & DICKER, LLP**

   */s/ Giovanna Bonafede*

Christina M. Heischmidt, DC Bar No. 1006759
Giovanna R. Bonafede, DC Bar No. 90011443
8444 Westpark Drive, Suite 510
McLean, VA 22102
(T) 703-245-9300/ (F) 703-245-9301
Christina.Heischmidt@wilsonelser.com
Giovanna.Bonafede@wilsonelser.com
*Counsel for Defendant*

**ROWE WEINSTEIN & SOHN, PLLC**

   */s/ Jeremy Huang (with permission GRB)*

Jeremy C. Huang, DC Bar No. 1000849
909 Rose Avenue, Suite 640
N. Bethesda, MD 20852
(T) 301-770-4710 / (F) 301-770-4711
jhuang@rowepllc.com
*Counsel for Plaintiff*

15

**SO ORDERED**:

Dated: _____January 16_____, 2026

_____
The Honorable Royce C. Lamberth
United States District Court Judge
District of Columbia

16