# Exhibit H

Defendant's Answers to Plaintiff's First Set of Interrogatories

(Excerpts)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID CHU | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00574-RCL |
| | ) |
| MAGIC LEAP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT MAGIC LEAP, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Magic Leap, Inc. ("Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby responds to Plaintiff David Chu's First Set of Interrogatories and states as follows:

A.      The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

B.      The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus does not necessarily purport to be the precise language of the executing party.

C.      The information contained in these Answers is being provided in accordance with the provisions and intent of the Rules of this Court, which require the disclosure of facts which may be relevant or which may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested does not waive objections to the admission into evidence on grounds of materiality or relevancy or other proper grounds for objection.

1

compensation committee, or any other internal or external authority.  If so, identify each such person or entity, describe the nature and timing of the approval allegedly required, and identify all documents and communications that support or reflect this contention.

**OBJECTION:**     **Defendant objects to this Interrogatory as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client or work product privileges.**

**ANSWER:**     **Subject to and notwithstanding the foregoing objections, see Answer to Interrogatory No. 2.**

**INTERROGATORY NO. 5:**     State the factual and legal basis for your contention that the milestone-based bonus plan described in **Exhibits C** and **D** to the Complaint was subject to a board approval requirement contained in the employment agreement attached as **Exhibit A** to the Complaint.  Your answer should identify:

(a)     all documents and communications supporting or reflecting that position;

(b)     the date and author of any internal or external communication in which that understanding was expressed or recorded;

(c)     whether that understanding was ever communicated to Plaintiff, and if so, by whom and when;

(d)     whether Magic Leap has ever applied this interpretation to any other employee or bonus agreement.

(e)     If Magic Leap does not contend that the board approval clause contained in Exhibit A applies to the milestone-based bonus plan set forth in Exhibits C and D, please so state.

**OBJECTION:**     **Defendant objects to this Interrogatory as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**ANSWER:**     **Subject to and notwithstanding the foregoing objections, see Answer to Interrogatory No. 2. Plaintiff was aware that bonus plans for all employees were subject to approval by the noteholders under Amendment No. 7 to the Note Purchase Agreement.**

**INTERROGATORY NO. 6:**     State whether, at any time between December 1, 2022 and December 16, 2022, any individual at Magic Leap, including but not limited to Jose Baltazar or Victoria Stewart, objected to, requested modification of, or declined to approve the milestone structure proposed by David Chu and acknowledged by Julie Green on December 1, 2022 in **Exhibit C** to the Complaint. If so, describe the substance of any such objection, modification request, or non-approval, including the date, the individual(s) involved, and whether it was communicated to Plaintiff.

4

**OBJECTION:**     Defendant objects to this Interrogatory as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**ANSWER:**     Subject to and notwithstanding the foregoing objections, Plaintiff's discretionary bonus plan was not approved by Magic Leap or any employee of Magic Leap during this period, or at any time.

**INTERROGATORY NO. 7:**     State whether Magic Leap contends that Plaintiff failed to complete any of the milestones referenced in **Exhibit C** to the Complaint, including but not limited to the milestone associated with the March 2023 Milestone Payment. If so, identify each milestone allegedly not completed, the specific basis for that contention, and all individuals involved in making that determination.

**OBJECTION:**     Defendant objects to this Interrogatory as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**ANSWER:**     Subject to and notwithstanding the foregoing objections, Plaintiff completed the Q1 performance milestone.

**INTERROGATORY NO. 8:**     State whether Magic Leap ever communicated to David Chu that he had failed to meet any milestone referenced in **Exhibit C** to the Complaint, or that his performance was deficient in a way that would affect his eligibility for bonus compensation. If so, identify the date and method of each such communication, the individuals involved, and all documents reflecting or supporting the communication.

**OBJECTION:**     Defendant objects to this Interrogatory as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**ANSWER:**     Subject to and notwithstanding the foregoing objections, Plaintiff completed the Q1 performance milestone.

312583208v.1