# Exhibit I

Defendant's Responses to Plaintiff's First Set of Requests for
Admissions (Excerpts)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID CHU

        Plaintiff,

v.                          Case No. 1:25-cv-00574-RCL

MAGIC LEAP, INC.

        Defendant.

**DEFENDANT MAGIC LEAP, INC.'S RESPONSES TO DAVID CHU'S FIRST**
**REQUEST FOR ADMISSIONS**

Defendant Magic Leap, Inc. ("Defendant"), by and through counsel, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, and hereby responds to Plaintiff David Chu's First

Set Requests for Admissions and states as follows:

**GENERAL OBJECTIONS**

A.      The information supplied in these Responses is not based solely on the knowledge

of the executing party, but includes knowledge of parties, their agents, representatives, and

attorneys, unless privileged.

B.      The word usage and sentence structure may be that of the attorney assisting in the

preparation of these Responses and thus does not necessarily purport to be the precise language of

the executing party.

C.      The information contained in these Responses is being provided in accordance with

the provisions and intent of the Federal Rules of Civil Procedures. These Rules require disclosure

of information that may not be admissible information. Thus, the party responding to these

Requests for Admission does not, by providing this information, waive any proper objection to

this information's admission in evidence.

1

9.    Admit that Magic Leap has not paid David Chu any portion of the milestone bonus amounts described in **Exhibit D** to the Complaint.

**OBJECTION:**    **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant admits this Request.**

10.    Admit that Magic Leap has not paid David Chu the milestone payment that was scheduled to be paid for Q1 2023.

**OBJECTION:**    None.

**RESPONSE:**    **Defendant denies that any milestone payment had been scheduled to be paid to Mr. Chu as his retention plan had not been approved by the noteholders as required under Amendment No. 7 to the Note Purchase Agreement. Defendant admits that it has not paid Plaintiff any milestone payment for Q1 2023.**

11.    Admit that Magic Leap began planning or implementing the Job Architecture initiative before November 1, 2022.

**OBJECTION:**    None.

**RESPONSE:**    **Defendant admits that it began planning the Job Architecture initiative before November 1, 2022.**

12.    Admit that, when Magic Leap finalized the milestone-bonus agreement transmitted to Plaintiff on December 16, 2022 (**Exhibit D**), it did not regard completion of the Job Architecture initiative as a prerequisite to paying any milestone bonus.

**OBJECTION:**    **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant denies that it ever finalized "the milestone-bonus agreement transmitted to Plaintiff on December 16, 2022." Defendant also denies the remainder of the request as worded. By way of further explanation, the approval of the noteholders was required under Amendment No. 7 to the Note Purchase Agreement to pay Mr. Chu's discretionary bonus.**

4

312583209v.1

13.    Admit that, as of March 31, 2023, Magic Leap was not awaiting approval from its board of directors, compensation committee, or any other governing body before paying Plaintiff the milestone bonus scheduled for that month.

**OBJECTION:**    None.

**RESPONSE:**    **Defendant denies this Request.**

14.    Admit that, before April 24 2023, no Magic Leap employee cited Plaintiff's performance as a reason to delay, withhold, or modify any milestone bonus.

**OBJECTION:**    None.

**RESPONSE:**    **Upon information and belief, Defendant admits this Request.**

15.    Admit that Magic Leap possesses no email or other written communication in which David Chu acknowledged that payment of his milestone bonus was subject to approval by Magic Leap's board of directors.

**OBJECTION:**    None.

**RESPONSE:**    **Upon information and belief, Defendant admits this Request. It was approval of the noteholders under Amendment No. 7 to the Note Purchase Agreement that was required to pay Mr. Chu's discretionary bonus.**

16.    Admit that Magic Leap has no internal document created between December 1, 2022, and March 31, 2023, indicating that David Chu failed to satisfy any of the milestones referenced in **Exhibit C**.

**OBJECTION:**    **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant admits this Request.**

17.    Admit that the document attached to the Complaint as **Exhibit A** ("Employment Offer Letter dated July 9, 2021") is a true and correct copy of a record maintained in Magic Leap's ordinary course of business.

**OBJECTION:**    **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant admits that the document with the ECF label 1-3 is a**

5

**true and correct copy of David Chu's Magic Leap Employment Offer Letter.**

18.    Admit that the document attached to the Complaint as **Exhibit B** ("Proprietary Information and Inventions Agreement") is a true and correct copy of a record maintained in Magic Leap's ordinary course of business.

| | |
|---|---|
| **OBJECTION:** | **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.** |
| **RESPONSE:** | **Subject to and notwithstanding the foregoing objections, Defendant admits that the document with the ECF label 1-4 is a true and correct copy of David Chu's Magic Leap Proprietary Information and Inventions Agreement.** |

19.    Admit that the document attached to the Complaint as **Exhibit C** (email from Julie Larson-Green to David Chu dated December 1, 2022 with proposed milestones) is authentic and that the copy filed with the Court is a complete, unaltered version of the original communication and attachment.

| | |
|---|---|
| **OBJECTION:** | **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.** |
| **RESPONSE:** | **Subject to and notwithstanding the foregoing objections, Defendant admits that the document with the ECF label 1-5 is an authentic copy of the December 1, 2022 email exchange between Julie Larson-Green and David Chu. Defendant denies that the email exchange labeled ECF 1-5 contains any attachment.** |

20.    Admit that the document attached to the Complaint as **Exhibit D** (email from Victoria Stewart to David Chu dated December 16, 2022 with revised milestone-bonus schedule) is authentic and that the copy filed with the Court is a complete, unaltered version of the original communication and attachment.

| | |
|---|---|
| **OBJECTION:** | **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.** |
| **RESPONSE:** | **Subject to and notwithstanding the foregoing objections, Defendant admits that the document with the ECF label 1-6 is an authentic copy of the December 16, 2022 email exchange between David Chu, Victoria Stewart, and Julie Larson-Green, and contains the correct attachment.** |

6

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request.

26.    Admit that Plaintiff accepted the milestone-bonus schedule no later than December 16, 2022 by replying to Victoria Stewart's e-mail and expressly acknowledging his agreement to the terms.

**OBJECTION:**        Defendant objects to this Request as premature to the extent it seeks a legal conclusion before the conclusion of discovery.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request.

27.    Admit that Magic Leap did not withdraw, rescind, or otherwise revoke the milestone-bonus agreement between December 16, 2022 and March 31, 2023.

**OBJECTION:**        None.

**RESPONSE:**        Defendant denies this Request as worded. By way of further explanation, the "milestone-bonus agreement" was never finalized or approved by the noteholders under Amendment No. 7 to the Note Purchase Agreement as required to pay the bonus.

28.    Admit that Plaintiff provided consideration for the milestone-bonus agreement by agreeing to complete specific deliverables and achieve defined milestones within a timeframe that was not required under his preexisting employment obligations.

**OBJECTION:**        Defendant objects to this Request as premature to the extent it seeks a legal conclusion before the conclusion of discovery.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request.

29.    Admit that, as of December 16, 2022, Magic Leap regarded the milestone-bonus agreement found in **Exhibit**s **C** and **D** as a binding obligation of the company.

**OBJECTION:**        Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request.

30.    Admit that no further documentation, review, or approval was required under Magic Leap policy to make the milestone-bonus agreement enforceable once Julie Larson-Green and Victoria Stewart transmitted the December 16, 2022 e-mail to David Chu.

**OBJECTION:**        None.

8

312583209v.1

**RESPONSE:**        Defendant denies this Request.

31.     Admit that Magic Leap's internal compensation policies in effect on December 16, 2022 did not require board-level approval for individual milestone-based bonuses of the type and dollar values set forth in **Exhibit D**.

**OBJECTION:**        Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant admits board-level approval was not required for "individual milestone-based bonuses." Rather, approval of noteholders under Amendment No. 7 to the Note Purchase Agreement was required to pay Mr. Chu's discretionary bonus.

32.     Admit that each milestone and payment amount described in **Exhibit D** is stated in sufficiently objective and definite terms to permit a determination of whether David Chu satisfied the milestone and to permit calculation of the corresponding payment owed.

**OBJECTION:**        Defendant objects to this Request as premature to the extent it seeks a legal conclusion before the conclusion of discovery.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request as worded.

33.     Admit that Magic Leap possessed no written policy in effect on or before December 16, 2022 requiring board approval for milestone-based bonus agreements.

**OBJECTION:**        None.

**RESPONSE:**        Defendant admits there was no written policy requiring "board approval for milestone-based bonus agreements." Rather, approval of the noteholders under Amendment No. 7 to the Note Purchase Agreement was required.

34.     Admit that, during the period from January 1, 2022, through March 31, 2023, Magic Leap did not consistently require board or committee approval for milestone-based bonus agreements offered to employees.

**OBJECTION:**        Defendant objects to this Request to the extent "consistently" is vague and ambiguous.

**RESPONSE:**        Subject to and notwithstanding the foregoing objections, Defendant denies this Request as worded. Rather, approval of the noteholders under Amendment No. 7 to the Note Purchase Agreement was required.

9