# Exhibit J

Defendant's Responses to Plaintiff's First Set of Requests for
Production of Documents (Excerpts)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID CHU

   Plaintiff,

v.

             Case No. 1:25-cv-00574-RCL

MAGIC LEAP, INC.

   Defendant.

## DEFENDANT MAGIC LEAP, INC.'S RESPONSES TO DAVID CHU'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Magic Leap, Inc. ("Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby responds to Plaintiff David Chu's First Request for Production of Documents and states as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Requests to the extent that they seek to impose obligations that are beyond the scope permitted by the Rules of this Court.

2. Defendant objects to the Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege or work-product doctrine.

3. Defendant objects to the Requests to the extent Plaintiff has equal access to the documents requested and the burden and expenses of obtaining said materials are equal between the parties.

4. Defendant objects to the Requests to the extent that they are overly broad, unduly burdensome, and unlimited in time and scope to the facts, matters, and allegations set forth in the Complaint.

1

312583210v.1

**OBJECTION:**    Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.

**RESPONSE:**    Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

4.    All documents reflecting whether, how, and by whom the milestones in **Exhibit C** were communicated to Victoria Stewart, Jose Baltazar, or any other individuals responsible for administering the milestone payments described in **Exhibit D.**

**OBJECTION:**    Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**RESPONSE:**    Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

5.    All documents reflecting any internal objection, modification request, or non-approval of the milestone structure in **Exhibit C** by any Magic Leap employee between December 1, 2022 and December 16, 2022, including but not limited to communications from Victoria Stewart or Jose Baltazar.

**OBJECTION:**    Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**RESPONSE:**    Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

6.    All documents reflecting Magic Leap's internal position or external communications concerning whether the milestone-based bonus plan described in **Exhibits C** and **D** constituted a binding agreement or enforceable obligation.

**OBJECTION:**    Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant further objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.

**RESPONSE:**    Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith and Note Purchase Agreement Amendment which will be produced upon entry of a mutually agreeable protective order.

7.    All documents reflecting any internal or external approval requirement, whether by board, executive team, compensation committee, HR, or legal, that were allegedly necessary before any Milestone Payments described in **Exhibit D** could be paid to Plaintiff.

3

product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.

**RESPONSE:**     Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

12.     All documents reflecting any role the Job Architecture Initiative played in decisions to withhold or defer the Milestone Payments described in **Exhibit D,** including internal discussions of how the initiative would affect executive compensation, milestone structures, or retention bonuses.

**OBJECTION:**     Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels. Defendant further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.

**RESPONSE:**     Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

13.     All documents or communications referencing the Job Architecture initiative in connection with David Chu's compensation, or referencing the use of the initiative as a stated basis for deferring, modifying, or canceling milestone or retention bonus payments to any employee during calendar year 2023.

**OBJECTION:**     Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.

**RESPONSE:**     Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.

14.     All documents reflecting Magic Leap's policies, procedures, or internal practices in effect between October 2022 and March 2023 governing the evaluation, approval, or payment of milestone-based or retention compensation.

**OBJECTION:**     Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.

5

312583210v.1

21.    All documents in effect between January 1, 2022 and March 31, 2023 that describe, reflect, or refer to any policy, practice, or requirement at Magic Leap for board or committee approval of milestone-based bonus agreements, including any internal communications concerning when such approval was or was not required.

**OBJECTION:**    **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the Note Purchase Agreement Amendment to be produced upon entry of a mutually agreeable protective order.**

8