EXHIBIT

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID CHU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00574-RCL |
| | ) | |
| MAGIC LEAP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MAGIC LEAP, INC.'S RESPONSES TO DAVID CHU'S FIRST**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Magic Leap, Inc. ("Defendant"), by and through counsel, WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, and hereby responds to Plaintiff David Chu's First

Request for Production of Documents and states as follows:

**GENERAL OBJECTIONS**

1.    Defendant objects to the Requests to the extent that they seek to impose obligations

that are beyond the scope permitted by the Rules of this Court.

2.    Defendant objects to the Requests to the extent that they seek documents or

information protected from disclosure by the attorney-client privilege or work-product doctrine.

3.    Defendant objects to the Requests to the extent Plaintiff has equal access to the

documents requested and the burden and expenses of obtaining said materials are equal between

the parties.

4.    Defendant objects to the Requests to the extent that they are overly broad, unduly

burdensome, and unlimited in time and scope to the facts, matters, and allegations set forth in the

Complaint.

1

312583210v.1

5. Defendant objects to the Requests to the extent they seek documents or information not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

6. All responses are based upon the best information currently available. Defendant reserves its right to supplement its Responses as discovery proceeds, and new information comes to light, as its own investigation and review continues.

7. Defendant hereby restates and incorporates by reference these objections in response to the document requests set forth below as through set forth fully therein.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents and communications concerning the drafting, review, approval, or transmission of the compensation and milestone-based retention plan transmitted to David Chu by Victoria Stewart on December 16, 2022.  This request includes, without limitation, the full email or Slack message(s) used to transmit the plan, all metadata (including date, time, sender, recipients, subject line, and attachments), and any internal discussions leading up to or following that transmission.

**OBJECTION:** **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:** **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email and G-Chat exchanges produced herewith.**

2. All documents and communications concerning the milestone structure proposed by David Chu on or about December 1, 2022, and acknowledged by Julie Green, including any edits, internal review, approval, or objections by any Magic Leap personnel.

**OBJECTION:** **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:** **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

3. All documents reflecting any milestone structure proposed, defined, revised, or approved by Julie Green after December 1, 2022, including any draft or final versions, communications referencing alternative milestones, or internal discussion of whether new or additional milestones were required.

2

**OBJECTION:**        **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:**        **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

4.      All documents reflecting whether, how, and by whom the milestones in **Exhibit C** were communicated to Victoria Stewart, Jose Baltazar, or any other individuals responsible for administering the milestone payments described in **Exhibit D.**

**OBJECTION:**        **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**        **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

5.      All documents reflecting any internal objection, modification request, or non-approval of the milestone structure in **Exhibit C** by any Magic Leap employee between December 1, 2022 and December 16, 2022, including but not limited to communications from Victoria Stewart or Jose Baltazar.

**OBJECTION:**        **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**        **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

6.      All documents reflecting Magic Leap's internal position or external communications concerning whether the milestone-based bonus plan described in **Exhibits C** and **D** constituted a binding agreement or enforceable obligation.

**OBJECTION:**        **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant further objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:**        **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith and Note Purchase Agreement Amendment which will be produced upon entry of a mutually agreeable protective order.**

7.      All documents reflecting any internal or external approval requirement, whether by board, executive team, compensation committee, HR, or legal, that were allegedly necessary before any Milestone Payments described in **Exhibit D** could be paid to Plaintiff.

3

**OBJECTION:** **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant further objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:** **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the Note Purchase Agreement Amendment which will be produced upon entry of a mutually agreeable protective order and email exchanges produced herewith.**

8. All documents or communications reflecting any assessment, evaluation, or discussion of Plaintiff's performance with respect to the milestones identified in **Exhibit C,** including internal tracking, commentary, performance summaries, or milestone audits.

**OBJECTION:** **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels.**

**RESPONSE:** **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

9. All documents and communications concerning the decision to withhold, delay, or modify the Milestone Payment scheduled for March 2023, including internal justification, references to performance or approval status, and any documentation of the date and rationale for the decision.

**OBJECTION:** **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:** **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

10. All communications between Magic Leap and David Chu concerning the Q1 2023 Milestone Payment, including explanations provided for nonpayment or delay.

**OBJECTION:** **None.**

**RESPONSE:** **Defendant refers Plaintiff to the email exchanges produced herewith.**

11. All documents and communications referring or relating to the "Job Architecture Initiative" as referenced in **Exhibit E** to the Complaint, including its scope, purpose, timeline, implementation plan, participants, and impact on employee compensation.

**OBJECTION:** **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels. Defendant further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work**

4

**product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**   **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

12.    All documents reflecting any role the Job Architecture Initiative played in decisions to withhold or defer the Milestone Payments described in **Exhibit D,** including internal discussions of how the initiative would affect executive compensation, milestone structures, or retention bonuses.

**OBJECTION:**   **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels. Defendant further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**   **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

13.    All documents or communications referencing the Job Architecture initiative in connection with David Chu's compensation, or referencing the use of the initiative as a stated basis for deferring, modifying, or canceling milestone or retention bonus payments to any employee during calendar year 2023.

**OBJECTION:**   **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**   **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

14.    All documents reflecting Magic Leap's policies, procedures, or internal practices in effect between October 2022 and March 2023 governing the evaluation, approval, or payment of milestone-based or retention compensation.

**OBJECTION:**   **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

312583210v.1

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith and Note Purchase Agreement Amendment to be produced upon entry of a mutually agreeable protective order.**

15.    All documents concerning milestone-based or performance-based compensation paid to any Magic Leap employee in 2023 whose role, compensation level, or reporting structure was comparable to David Chu's.

**OBJECTION:**          **Defendant objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent the Request is not tailored to the allegations in the Complaint.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the Retention Program PowerPoint produced herewith.**

16.    All documents and communications created, sent, or received between October 1, 2022 and November 26, 2024 that refer or relate to David Chu, including but not limited to discussions of his performance, compensation, retention, milestone eligibility, nonpayment of bonuses, or separation from Magic Leap.

**OBJECTION:**          **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

17.    Produce all documents and communications identified in, referenced in, or relied upon in answering Plaintiff's First Set of Interrogatories, including any documents reviewed by individuals involved in preparing those responses.

**OBJECTION:**          **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the documents produced herewith.**

18.    Produce all native-format versions of the documents attached as **Exhibits C** and **D** to the Complaint, including metadata, email headers, attachments, and any drafts.  This request includes the original transmittal from Julie Green on or about December 1, 2022 (**Exhibit C**) and the bonus spreadsheet transmitted by Victoria Stewart on or about December 16, 2022 (**Exhibit D**).

312583210v.1

**OBJECTION:**          **Defendant objects to this Request as vague to the extent none of the attachments to Plaintiff's Complaint are labeled with Exhibit labels. Defendant further objects to this Request as unduly burdensome.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the email exchanges produced herewith.**

19.    All emails, Slack messages, Teams communications, or other electronically stored information sent or received by any current or former Magic Leap employee or agent between December 1, 2022 and November 26, 2024 that refer or relate to:

(a)    David Chu,
(b)    his milestone-based bonus compensation,
(c)    retention or performance bonuses tied to specific deliverables,
(d)    executive-level compensation policies or exceptions, or
(e)    internal discussions of bonus approval, delay, withholding, or restructuring affecting Plaintiff.

**OBJECTION:**          **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the G-Chat exchanges produced herewith.**

20.    All emails, Slack messages, Teams communications, or other electronically stored information sent or received by any current or former Magic Leap employee or agent between November 27, 2024 and February 27, 2025 that refer or relate to:

(a)    David Chu,
(b)    his milestone-based bonus compensation,
(c)    retention or performance bonuses tied to specific deliverables,
(d)    executive-level compensation policies or exceptions, or
(e)    internal discussions of bonus approval, delay, withholding, or restructuring affecting Plaintiff.

**OBJECTION:**          **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges. Defendant also objects to this Request as not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not tailored to the allegations in the Complaint.**

**RESPONSE:**          **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the G-Chat exchanges produced herewith.**

7

8

21.    All documents in effect between January 1, 2022 and March 31, 2023 that describe, reflect, or refer to any policy, practice, or requirement at Magic Leap for board or committee approval of milestone-based bonus agreements, including any internal communications concerning when such approval was or was not required.

**OBJECTION:**    **Defendant objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client or work product privileges.**

**RESPONSE:**    **Subject to and notwithstanding the foregoing objections, Defendant refers Plaintiff to the Note Purchase Agreement Amendment to be produced upon entry of a mutually agreeable protective order.**

312583210v.1

9

Dated: June 16, 2025

Respectfully Submitted,

**MAGIC LEAP, INC.**
By Counsel


 */s/ Christina Heischmidt*_____
Christina M. Heischmidt (DC Bar No. 1006759)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (phone)
(703) 245-9301 (fax)
Christina.Heischmidt@wilsonelser.com
         *Counsel for Defendant Magic Leap, Inc.*

312583210v.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of June, 2025, the foregoing was served with email and U.S. mail upon the following:

Jeremy C. Huang
ROWE WEINSTEIN & SOHN, PLLC
909 Rose Ave., Suite 640
N. Bethesda, MD 20852
(301) 770-4710 (phone)
(301) 770-4711 (fax)
jhuang@rowepllc.com
     *Counsel for Plaintiff David Chu*

                              */s/ Christina Heischmidt*_____
                              Christina M. Heischmidt

10

312583210v.1