**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID CHU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00574-RCL |
| | ) | |
| MAGIC LEAP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MAGIC LEAP, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Magic Leap, Inc. ("Magic Leap" or "Defendant"), by undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(F), hereby files this Reply in Support of its Motion for Summary Judgment. For the reasons stated herein, in Defendant's Motion for Summary Judgment, and in Defendant's Statement of Undisputed Material Facts, Defendant respectfully submits that its Motion for Summary Judgment should be granted.

## I.   INTRODUCTION

Plaintiff David Chu's ("Chu" or "Plaintiff") Opposition to Defendant's Motion for Summary Judgment, ECF 24, focuses on 3 main premises. First, that Magic Leap failed to establish that contract formation failed under Virginia law. Second, that Magic Leap failed to connect its Statement of Undisputed Material Facts to its legal conclusions. And third, that the bonus was not discretionary and that Magic Leap's argument that its withholding of the retention payment was the result of a bona fide dispute is flawed. Chu's arguments as to all three points are misplaced.

335782126v.2

Magic Leap properly established that no contract was formed on December 16, 2022. Chu cannot ignore Magic Leap's past practice and procedure for compensation approvals, which Chu was privy to as an employee in senior leadership. As a senior leader who dealt with the compensation approval process for his direct reports, Chu was made aware that any retention bonus plan akin to his required the approval of the Board of Directors and needed to be outlined in a formal, Docusigned agreement. No such Board approval or written, signed agreement was ever obtained in accordance with Magic Leap practice, procedure, and policy. Self-serving statements of willful ignorance after the fact does not create a contract or a dispute of material fact.

Further, the terms of the December 16, 2022 "proposal" were not definite, not sufficiently defined, and were never finalized. Specifically, the evidence is clear that the detailed performance milestones were never finalized, the compensatory structure of Chu's retention bonus was never approved by the Board of Directors, and no written agreement was created for Chu's signature, memorializing any supposed agreement. Lastly, with regard to contract formation, Magic Leap's post-December 16, 2022 course of dealings are consistent with a lack of mutual assent as to Chu's retention bonus. No final agreement as to Chu's bonus plan was ever reached.

Regarding Plaintiff's procedural argument, Magic Leap's Motion for Summary Judgment properly outlines the undisputed facts and then references these same facts in the body of the argument. A party is not required to reference the paragraph number of the undisputed facts in the argument section.

Lastly, Magic Leap properly established that Chu's bonus was discretionary and subject to a bona fide dispute, thus foreclosing Chu's claim for treble damages.

2

335782126v.2

## II.  ARGUMENT

### A.  No Binding Contract Was Formed on December 16, 2022

Chu's breach of contract claim must fail, as a matter of law, because no final agreement existed between Magic Leap and Chu regarding his 2023 retention bonus plan. While Magic Leap acknowledges that a proposed framework for a retention plan was presented to Chu, it was not an "offer" under Virginia law, was never formalized, was never approved by the Board of Directors, or executed into a formal amendment to Chu's employment agreement. Magic Leap's outward expression made clear that there was no mutual assent to the terms of Chu's potential bonus plan on December 16, 2022. Plaintiff argues that Victoria Stewart's December 16, 2022 email to him "circling back with a retention plan that . . . will have key milestones, *as defined by Julie*, associated with the payouts" constituted an offer under Virginia law. Ex. J to Def's MISO MSJ, ECF 1-6 at 1 (emphasis added). This is not so. Stewart's email also included the following language: "Please take a moment to review the attached . . . and provide us with your feedback and/or any questions you might have." *Id.* In doing so, Stewart was inviting collaboration on a proposal, as Magic Leap had done with prior variations of his retention plan. *See* Ex. H to Def's MISO MSJ at 1 (12/2/22 email from Julie Larson-Green to Chu with a different proposed framework for a bonus plan, to which Chu provided his feedback, stating: "Thanks for sharing. To be honest, it's pretty far from expectations . . . ." *Id*. at 1-2.).

Moreover, the December 16, 2022 email from Stewart could not have been a formal offer because the record is clear that no specific milestones were defined.[1] Without the defined milestones, the Court cannot determine the exact obligations of the parties. While it is true that

---

[1] In any event, the evidence is clear that Stewart did not have authority to bind Magic Leap.

Chu sent Larson-Green a potential framework for performance milestones on December 2, 2022, *see* Ex. H to Def's MISO MSJ, ECF 1-5, at 1, and Larson-Green responded: "Looks good to me!", in that same breath, as described above, Larson-Green presented Chu with a proposed framework for the compensatory portion of his bonus plan, which Chu rejected. *Id.* at 1-2. In other words, when Stewart presented Chu with another proposed framework for his bonus plan on December 16, 2022, the non-monetary terms needed to be negotiated once more as well. *See Waltzing Matilda Aviation LLC v. Mahh Consortium P'ship*, No. 0002-25-4, 2026 Va. App. LEXIS 84, at *15-16 (Va. App. Feb. 10, 2026) (quoting *Chittum v. Potter*, 216 Va. 463, 467 (1975) "'In order to form a contract [,] there must be no material variance between the acceptance and the offer.'"). A contract could not have been formed by the December 16, 2022 email exchange because there was no offer or acceptance of defined milestones at that point, considering Chu had rejected the last offer. *See Chittum*, 216 Va. at 468 ("Having once rejected an offer by his conditional acceptance, a party cannot afterwards bind the offeror by tendering an unconditional acceptance. . . . An offer becomes inoperative if it is not accepted before it has been withdrawn.") (internal citations omitted). The prior communications between Magic Leap leadership and Chu regarding his proposed plan made it clear that this was an ongoing conversation and Stewart had specifically requested Chu's feedback.[2] Context is important.

Stewart was clear that specific milestones needed to be defined, and that it had not been so defined. Ex. B to Def's MISO MSJ, Stewart Depo. Tr. at 62:2-4 ("We had agreed to the 600k.

---

[2] Magic Leap does not dispute that an email exchange can constitute a contract. Magic Leap's argument is that the email identified by Plaintiff do not constitute a contract. Further, Chu's argument that the lack of a written, Docusigned agreement is immaterial misinterprets the factual timeline. Magic Leap argues that the lack of a written, Docusigned agreement memorializing Chu's bonus plan is vital because a formal written agreement would be drafted after Board approval. No Board approval was obtained, therefore no formal agreement was prepared and signed.

335782126v.2

But what you left out is to which she needed to assign specific milestones"), at 63:6-8 ("She has high level milestones, but they were not specific. She had not set up a way that we could track them against the retention plan."), at 63:12-20 ("She has to define what the milestones are. But even she is acknowledging here she hadn't set up a way to track them yet. And that is critical to know whether or not we can pay out a retention bonus at a particular time for something to be achieved. So she had not finalized the details associated with the milestones in which she wanted David to achieve.").

Further, Chu's December 16, 2022 response to Stewart's email was not an acceptance of an offer. Chu responded with: "Thank you for providing the details here, and for investing in me. Let's do it." Ex. J to Def's MISO MSJ, ECF 1-6, at 1. At this point, no milestones had been specified by Larson-Green. *Id*. Larson-Green responded on December 16, 2022 with: "Happy to hear that!" *Id*. Contrary to Plaintiff's contention, however, Larson-Green's response, based on the previous emails between the parties, was clearly an acknowledgment that Chu wanted to move forward in the bonus plan process by getting the proper approvals and sufficiently defining the specifics of his plan. There were established conditions precedent that had not been met.

Further, as a Magic Leap employee in senior leadership, Chu knew and was made aware that all significant bonus plans required the approval of the Board of Directors. No such Board of Directors approval was obtained. Former Magic Leap Chief Human Resources Officer Jose Baltazar specifically testified he told Chu that Board approval was required to move forward with his bonus plan. Ex. F to Def's MISO MSJ, Baltazar Depo. Tr. at 109:10-110:10. Chu also admitted that he knew additional approvals were needed for compensation plans, based on his experience with his direct reports. Ex. B to Def's MISO MSJ, Chu Depo. Tr. at 73:20-74:18; *see also* Ex. 1, Def. Corp. Rep. Depo Tr. at 32:4-33:1.

5

Plaintiff's Opposition also contends that Magic Leap failed to identify the approval needed to finalize Chu's bonus as Magic Leap identified approval required by the investors and Board of Directors. This is a distinction without a difference and a red herring. On the one hand, the investors were part of the Board of Directors. On the other hand, for purposes of summary judgment, it is immaterial who needed to give final approval between the investors and Board, the point is that additional approval was required, Chu unequivocally was told this, and no such approval was obtained.

**B.  Chu's Bonus was Discretionary and was Subject to a Bona Fide Dispute**

As outlined in Defendant's Motion for Summary Judgment, Chu's proposed bonus was discretionary. Pursuant to the Virginia Department of Labor and Industries ("DOLI") regulations, discretionary bonuses are not considered wages and thus cannot be collected via a VWPA claim. Va. Code § 40.1- 29. Under these regulations, a discretionary bonus is defined as any benefit, which is not required to be given under the employment contract, and which may therefore be given or withheld at the employer's discretion and does not include any compensation which the employee was reasonably led to believe the employer was obligated to pay him upon completion of work performed. VA Dept. of Labor & Industry, Division of Labor and Employment Law, Field Operations Manual, Ch. 10, § 9.00(A).

A discretionary bonus has the following characteristics applicable to this case: (1) the employer retains discretion with respect to the fact of payment without prior promise or agreement; and (2) the employer retains discretion with regard to the sum, if any, to be paid without prior promise or agreement. *Id.* According to these guidelines, Chu's proposed retention bonus was discretionary because: (1) as described above, no final agreement existed memorializing all aspects of Chu's retention bonus plan; (2) no final agreement was signed by

6

Magic Leap or Chu; (3) no final agreement was approved by Magic Leap's Board of Directors, whose approval was known as required to memorialize any bonus; (4) only the proposed terms of Chu's retention bonus plan were discussed; and (5) Chu's employment agreement specifies that all compensation and bonuses are subject to Magic Leap's sole discretion.

It was Magic Leap's policy and practice for retention bonuses that there be a signed amendment to an employee's offer letter following approval by the Board of Directors. Ex. F to Def's MISO MSJ at 112:4-113:12; Ex. D to Def's MISO MSJ at 21:6-22:20; Ex. B to Def's MISO MSJ at 64:1-11. That did not occur in Chu's case. Further, Chu's employment agreement specifically states that: (1) "You will be eligible to participate in a bonus plan that the Board of Directors of the Company may adopt for employees of the Company"; (2) "The amount of any performance bonus to be paid to you is at the sole discretion of the Company, and you must be a full-time employee of the Company in good standing at the time any such performance bonus is to be paid to you"; and (3) "[T]he Company reserves the right to modify compensation from time to time as it deems necessary." Ex. A to Def's MISO MSJ.

While Magic Leap acknowledges that a framework for a proposed bonus plan was presented to Chu, it was never formalized or executed into a formal amendment to Chu's employment agreement, nor was it ever approved by the Board of Directors.

In support of his claim for treble damages, Chu cites to Va. Code § 40.1-29(J), which provides that: "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs." Since the statute "delineates between knowing and unknowing conduct, the Court must analyze each wrongful withholding and make findings regarding the employer's state of mind." *Muratore v. Foster*

335782126v.2

*Aesthetics, L.L.C.*, 113 Va. Cir. 414, 427 (Chesapeake 2024) ("the statute avails greater liability if the employer knew or intentionally withheld wages").

Va. Code § 40.1-29(K) states that "a person acts 'knowingly' if the person, with respect to information, (i) has actual knowledge, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information." Withholdings that are "the subject of a *bona fide* dispute" are not knowing. *Muratore*, 113 Va. Cir. at 427 ("The Court finds that the employer's argument on the issue was plausible, albeit, a breach of contract, but not a knowing disregard of that truth."); *see, e.g.*, Va. Code § 40.1-29(E) (An employer who "refused to pay wages [is guilty of a crime] . . . unless the failure to pay was because of a bona fide dispute between the employer and its employee."); *see also Racklin v. Zeta Global Corp.*, 628 F. Supp. 3d 625, 647 (E.D. Va. 2022) (plaintiff's "VWPA claim fails because the statute only covers earned wages, and does not apply if the failure to pay was because of a bona fide dispute between the employer and its employee") (internal quotations and citations omitted); *see also Davenport v. HirePower Pers., Inc.*, No. 5:22-cv-074, 2024 U.S. Dist. LEXIS 71873, at *30 (W.D. Va. Apr. 19, 2024) ("a cause of action does not exist where pay was not withheld or where the alleged failure to pay was because of a bona fide dispute between the employer and its employee"). The delineation between knowing and unknowing conduct on the part of the employer is important because the "purpose of [the VWPA] is to protect employees from bad acting employers." *Nestler v. Scarabelli*, 77 Va. App. 440, 466 (2023). Therefore, treble damages are only available upon a specific finding of knowing withholding of wages.

Chu's treble damages claim must fail because the "knowing" standard is not met as there was a bona fide dispute between Magic Leap and Chu as to what, if anything, was owed to him. *See Davenport*, 2024 U.S. Dist. LEXIS 71873, at *30-31 ("even construing [defendant's]

8

subsequent refusal to provide [plaintiff] the backpay he demanded in 2022 as withholding earned wages under the VWPA, such withholding was the result of a bona fide dispute between the employer and employee. . . . Accordingly, the appropriate vehicle for Davenport to seek redress is his breach of contract claim") (internal quotation omitted); *see also Muratore*, 113 Va. Cir at 427.

## III. CONCLUSION

For the foregoing reasons, and those that will be urged upon the Court at oral argument, if any, Defendant Magic Leap, Inc. respectfully requests that the Court grant its Motion for Summary Judgment.

335782126v.2

Dated: May 18, 2026                      Respectfully Submitted,

                                         **MAGIC LEAP, INC.**
                                         By Counsel


                                         _/s/ Giovanna R. Bonafede_
                                         Christina M. Heischmidt (DC Bar No. 1006759)
                                         Giovanna R. Bonafede (DC Bar No. 90011443)
                                         WILSON ELSER MOSKOWITZ
                                         EDELMAN & DICKER LLP
                                         8444 Westpark Drive - Suite 510
                                         McLean, Virginia 22102
                                         (703) 245-9300 (phone)
                                         (703) 245-9301 (fax)
                                         Christina.Heischmidt@wilsonelser.com
                                         Giovanna.Bonafede@wilsonelser.com
                                         _Counsel for Defendant Magic Leap, Inc._

335782126v.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2026, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will then send a notification of such filing to the following:

Jeremy C. Huang
ROWE WEINSTEIN & SOHN, PLLC
909 Rose Ave., Suite 640
N. Bethesda, MD 20852
(301) 770-4710 (phone)
(301) 770-4711 (fax)
jhuang@rowepllc.com
*Counsel for Plaintiff David Chu*

*/s/ Giovanna R. Bonafede*
Giovanna R. Bonafede

11

335782126v.2